**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PETER V. SMILDE,

Plaintiff-Appellant,

v.

MORTGAGE TEMPS, INC.;
NORWEST MORTGAGE, INC.;
J. MICHAEL HIRSCH; JOHN
ORMBERG; ATI TITLE CO.;
NORWEST CORP.; MPLS
DEPT/COMMISSION ON CIVIL
RIGHTS,

Defendants-Appellees.

No. 01-1126
(D.C. No. 98-WM-2654)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO, BARRETT** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The district court summarily denied plaintiff Peter V. Smilde's "motion for reconsideration," and plaintiff appeals. [1] On appeal, we review only the district court's denial of the Rule 60(b) motion and not the underlying judgment itself, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), and we are free to affirm the district court on any basis supported by the record, *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994). After reviewing the district court's ruling for abuse of discretion, *Van Skiver*, 952 F.2d at 1242, 1243, we affirm.

The order dismissing plaintiff's underlying action was entered by the court on February 23, 2000. Plaintiff contends that, although he had alerted the clerk of the district court as to his change of address well before that date, the order was

---

[1] The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." Depending upon when it was filed, such a motion is treated as either a motion to alter or amend the judgment filed pursuant to Rule 59(e), or as a Rule 60(b) motion seeking relief from the judgment. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because plaintiff filed his motion more than ten days after the date of the judgment, it is properly treated as a Rule 60(b) motion. *Id.* Contrary to plaintiff's contention in his reply brief, his motion was not one brought under Rule 60(a) which allows for correction of clerical mistakes. In his motion, plaintiff clearly requested that the district court amend its judgment to allow a change of venue.

sent to the wrong address. He apparently did not receive a copy of the order until after January 8, 2001. Shortly thereafter, plaintiff filed his Rule 60(b) motion.

On appeal, plaintiff argues that the district court dismissed his motion as untimely and that he should not be penalized for the delay attributable to the district court clerk. Plaintiff mischaracterizes the action of the district court. Plaintiff's motion was summarily denied in a minute order. The court's allusion to untimeliness came later when it denied plaintiff permission to appeal in forma pauperis.

In his motion for reconsideration, plaintiff recited the facts surrounding his late receipt of the district court order. He then requested the court to amend its judgment to allow a transfer of venue to the District of Minnesota. Plaintiff had never before requested a change of venue; indeed, he had opposed such a move at every opportunity. A Rule 60(b) motion is an inappropriate vehicle by which to advance arguments plaintiff could have made at the time defendants filed their motions to dismiss. *See Van Skiver*, 952 F.2d at 1243. Plaintiff does not suggest that he would have made any different arguments in support of his request for relief from judgment had he received the court's order in a more timely fashion.

Thus, even had plaintiff received the order of the district court sooner, his motion would still have been denied. [2]

Plaintiff argues that this court may issue a mandamus order permitting the change of venue. Mandamus is a drastic remedy, wholly inapposite to this case. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

Plaintiff's motion for permission to appeal in forma pauperis is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge

---

[2] In his reply brief, plaintiff cites Fed. R. Civ. P. 52(b) which has no application here.